[997 NYS2d 193]

In the Matter of SEAN D. HILL, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Peti-
tioner.

Fourth Department, November 14, 2014

## APPEARANCES OF COUNSEL

*Roderick Quebral*, *Principal Counsel*, *Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*John J. Lavin*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on December 6, 1965, and maintains an office in Buffalo. The Grievance Committee filed a petition containing two charges of misconduct against respondent, alleging that he neglected a client matter and failed to cooperate with the Grievance Committee. Respondent filed an answer admitting the factual allegations of the petition and setting forth matters in mitigation. He subsequently appeared before this Court and was heard in mitigation.

With respect to charge one, respondent admits that, in January 2012, he accepted a retainer fee in the amount of $1,000 to pursue an insurance claim on behalf of an individual. Respondent admits that, although he subsequently indicated to the client that any additional legal fees would be contingent on the outcome of the matter, he failed to provide the client with a writing stating the method by which any additional fees would be determined.

Respondent additionally admits that, in early 2012, the insurance company granted respondent's request for an extension of the deadline by which the client was required to submit a proof of loss and to sit for an examination under oath pursuant to the terms of the insurance policy at issue. Respondent admits, however, that he thereafter failed to submit a proof of loss or reschedule the examination in a timely manner, and that he failed to respond to inquiries from the client regarding the status of the matter. Respondent further admits that, although he filed a summons with notice against the insurance company in October 2013, he subsequently failed to serve the summons or to communicate with counsel for the insurance company regarding the matter.

With respect to charge two, respondent admits that, from July through December 2013, he failed to respond to several inquiries from the Grievance Committee regarding the client matter at issue in charge one, and that he twice failed to appear for a scheduled interview at the offices of the Grievance Committee.

We conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.3 (a) (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b) (22 NYCRR 1200.0)—neglecting a legal matter entrusted to him;

rule 1.4 (a) (3) (22 NYCRR 1200.0)—failing to keep a client reasonably informed about the status of a matter;

rule 1.4 (a) (4) (22 NYCRR 1200.0)—failing to comply in a prompt manner with a client's reasonable requests for information;

rule 1.5 (c) (22 NYCRR 1200.0)—failing to provide a client with a writing stating the method by which the fee is to be determined in a prompt manner after being employed in a contingent fee matter;

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

In determining an appropriate sanction, we have considered respondent's submissions in mitigation, including his expression of remorse and his statement that his failure to cooperate with the Grievance Committee was caused by an anxiety disorder for which he has sought treatment. However, we note in aggravation of the charges that, when respondent appeared before this Court in September 2014, he acknowledged that he continues to represent the client on the insurance claim that is the subject of charge one and that the matter remains unresolved. After consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., FAHEY, CARNI and VALENTINO, JJ., concur.

Order of censure entered.